## No. 6321.

### JOHN KLEIN & CO. vs. GEO. B. JOHNSON, AUDITOR.

Act No. 19 of the Legislature of 1876, appropriating the sum of $7850 for the payment of the expenses of a joint committee of the Senate and House of Representatives appointed in 1875 for the purpose of examining the books and accounts of the State Auditor and Treasurer, is violative of the Third Constitutional Amendment of 1874, which provided that the revenue of each year should be devoted to the expenses of the same year.

APPEAL from the Superior District Court for the parish of Orleans. Lynch, J.

John Ray for the Relators and Appellants.

Hiram R. Steele, Attorney General, and Chs. S. Rice for Defendant and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. This is a proceeding by mandamus to compel the Auditor to issue in favor of plaintiffs, out of the appropriation for the year 1876, warrants in payment of vouchers issued in favor of members and employees of a joint committee of the Senate and House of Representatives, appointed during the session of 1875, for the purpose of examining the books and accounts of the State Auditor and Treasurer.

Among other defenses, the Auditor urges that the Act of the Legislature of March, 1876, appropriating $7850, for the payment of the expenses of said joint committee, which was appointed and completed its labors during the year 1875, is violative of the third constitutional amendment of 1874, which provided that the revenue of each year, derived from taxation of all kinds, should be devoted solely to the ex-.

penses of the said year for which it shall be raised, and that the Legislature was, therefore, powerless to appropriate any portion of the revenue of the year 1876, for the purpose of meeting the payment of the expenses of a joint committee of both houses, appointed for and operating during the year 1875.

The lower court maintained this defense, and dismissed plaintiffs' action, and we see no error in that judgment. The record shows that the committee was appointed and organized during the regular session of 1875, and that it submitted a full and exhaustive report on the 19th of April of that year, at the extra session of the Legislature.

An attempt was made by plaintiffs to show that the committee did not complete its labors before the year 1876, but this attempt was not successful, or at least the evidence fails to show that the committee performed any labors after its report of April 19th, 1875, which resulted in the impeachment of the Auditor.

We are satisfied from the evidence that all the labors performed by the joint committee were done and completed during the year 1875, and that the payment of its expenses could not be provided for out of the funds appropriated or raised for the year 1876, and that the lower court properly refused the mandamus asked by plaintiffs, and by the intervenor H. Beir.

It is, therefore, ordered, adjuded and decreed that the judgment appealed from be affirmed at the costs of plaintiffs in so far as the main action is concerned, and at the costs of H. Beir, intervenor, in so far as his intervention is concerned.